## LOVEJOY CO. v. STEWART PRINTING CO.

(Supreme Court, Appellate Term, First Department.  December 6, 1912.)

SALES (§ 359*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.
 Evidence, in an action for the agreed price in making certain electrotype plates for the defendant, *held* not sufficient to sustain a judgment for plaintiff.
 [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056–1059; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Lovejoy Company against the Stewart Printing Company. From a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, rendered in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

George O. Sayer, of New York City, for appellant.
Murphy & Fultz, of New York City, for respondent.

LEHMAN, J.  The plaintiff sues for the agreed price of making certain electrotype plates for the defendant.  It demands judgment for the sum of $222.75, but at the trial presented evidence in regard to items aggregating only the sum of $174.74.  Yet it has recovered judgment for the full amount demanded in the complaint.  If the evidence were clear that the plaintiff was entitled to recover the amount of $174.74, we could modify the judgment; but I do not find sufficient evidence to show that the plaintiff was entitled to any recovery in this action.  The defendant denies the performance of the work as agreed, and claims that the plates were defective, and that it cost more than the agreed price to remedy the defects.  The plaintiff admits that the plates furnished are defective, but claims that the custom in the trade is that an opportunity must be given to their finisher to remedy defects after notice of the defects, and that no notice was given.  Conceding, without deciding, that plaintiff has sufficiently shown this custom of trade, it is entitled to recover only upon proof that the conceded defects could have been remedied if notice had been given.  The plaintiff's expert testifies vaguely:

"It is not in first-class condition; but it is in a condition that could have been remedied a great deal if we had known,"

—and that *some* of the defects would have been remedied; nor does the plaintiff show the necessary cost of remedying the defects, if opportunity had been given.  Upon this record, therefore, the judgment cannot be sustained.

Judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes